**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Serafin RANGEL–GARCIA,**
**Defendant–Appellant.**

No. 00–10200.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 19, 2001.

Before REINHARDT, LEAVY and SILVERMAN, Circuit Judges.

MEMORANDUM*

Appellant Rangel–Garcia appeals his conviction of being found in the United States without permission after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

■ Because the parties are familiar with the facts, we will not set them out in detail. Rangel–Garcia alleges that the district court erred by failing to instruct the jury that the date on which he was found in the United States is an element of 8 U.S.C. § 1326(a). We disagree. The date is not an element of that offense. *See generally United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.

2000)(en banc)(setting forth the elements of section 1326).

■ Rangel–Garcia further contends that the court erred in denying his Rule 29 Motion for Judgment of Acquittal. He argues that no rational trier of fact could find him guilty, as charged in the indictment, because of the discrepancy between the date alleged and the date proven at trial. The indictment charged that Rangel–Garcia was found in the United States "on or about June 24, 1998." At the beginning of the trial, however, the Government informed the court and defense counsel that the correct date was November 13, 1998. As the evidence at trial showed, November 13, 1998 was the date on which the INS "found" Rangel–Garcia. That is when one of its agents interviewed him in jail.

■ The motion was properly denied. The variance in dates was not critical to the case and it caused no harm. As a matter of due process, an indictment is sufficient as to date if (1) it informs the defendant of what he needs to know to formulate a defense, and (2) the defendant can plead the indictment as a bar to any subsequent prosecution. *See Hailing v. United States,* 418 U.S. 87, 117–18, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Here, Rangel–Garcia acknowledges that he did not intend to assert an alibi or other date-critical defense. Furthermore, the prosecution's designation of November 13, 1998 as the date of the offense provided the definitiveness necessary for double jeopardy purposes.

■ Finally, the district court did not err when it included two prior convictions in the calculation of Rangel–Garcia's criminal history category. Rangel–Garcia initially disputed two of the prior convictions

listed in the Pre–Sentence Report. An amended Pre-sentence Report was then prepared. Rangel–Garcia's counsel acknowledged that he reviewed the amended report with Rangel–Garcia and that it satisfactorily answered the dispute about the priors. The district court did not err in counting them. *See United States v. Romero–Rendon,* 220 F.3d 1159 (9th Cir. 2000).

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.